### THE PEOPLE v. GEORGE E. LONG.

*Cross-examination—Larceny—Advice of counsel.*

Where witnesses in a criminal case distinctly contradict each other in their evidence regarding a transaction that is important to the issue, the most searching cross-examination should be permitted.

A conviction should be set aside that is based on directly conflicting testimony concerning a vital point, if rigid cross-examination has not been allowed.

It is larceny for the owner of property to remove it clandestinely from the rightful possession of one who has a valid lien upon it.

One cannot rely upon the advice of counsel to show that he has acted in good faith unless he also shows that he has followed the advice.

Upon a prosecution for the larceny of one's own property from a person who had a lien upon it, the trial judge might properly comment to the jury upon respondent's omission to take proper legal proceedings.

Where respondent in a criminal case seeks to show good faith by putting in evidence a conversation between himself and his counsel, his offer must be distinct as to the nature of the conversation in order to render it admissible; and there should also be an offer to show that respondent followed the advice given.

Exceptions before judgment from Berrien. (A. J. Smith, J.)  Jan. 18.—Feb. 27.

LARCENY.  Respondent was convicted.  Exceptions overruled.

Attorney General *Jacob J. Van Riper* for the People. Larceny may be committed of one's own property by taking it from one who is in rightful possession under a valid lien : *Palmer v. People* 10 Wend. 165 ; *People v. Wiley* 3 Hill

194; *People v. Stone* 16 Cal. 369; *People v. Thompson* 34 Cal. 671; a person charged with crime cannot show that he set out with right intent: *Elliott v. Van Buren* 33 Mich. 49; *Saunders v. People* 38 Mich. 218.

*George S. Clapp* for respondent.

COOLEY, J.  The respondent was prosecuted for the larceny of a buggy, and convicted.  The buggy had belonged to the respondent, and he had given a bill of sale of it to one Drake to secure the payment of a note of fifty dollars. The note and bill of sale were afterwards, and before the note fell due, sold by Drake to William J. Gilbert.  It seems to have been assumed on the trial that the note was negotiable, though there was no direct evidence to that effect.  The evidence tended to show that Gilbert took possession of the buggy under the bill of sale; that he paid a mechanic's lien of $18.50 at respondent's request, and that while holding possession the respondent, without making payment, secretly removed the buggy to an outbuilding about half a mile away.

The respondent took the stand on his own behalf, and testified that before Gilbert purchased he had arranged the Drake debt and satisfied it in a settlement of accounts.  Drake was subsequently called as a witness and denied positively that any settlement of the note was included in their arrangement.  Respondent's counsel attempted to go into the particulars of the settlement, but the court did not permit it.

When the two witnesses were thus distinctly opposed to each other, in their evidence regarding an important transaction, the court should have permitted the most searching cross-examination, with a view to reaching the truth if possible.  It is a mistake to assume that because the evidence is directly conflicting it will be impossible to get at the real facts.  If, therefore, the question whether the note was or was not satisfied was vital in the case, we should be compelled to set aside the conviction.  But it was not vital. The respondent himself admitted that while Gilbert was

holding the note and bill of sale under his purchase, the amount of the mechanic's lien had been paid by Gilbert at his request, or at least with his concurrence, and there is no question upon his own evidence that Gilbert had a lien upon the buggy to at least this amount, and was rightfully in possession. Whether he had a lien for more was immaterial.

Respondent claimed to have acted in good faith in taking the buggy, under the advice of counsel; and he testified as to the advice. Unfortunately for him he did not follow it. His counsel did not advise him to take the buggy secretly, but to take it, tendering what was due. Respondent did indeed say that his counsel told him that he thought it would make no difference if he took the buggy first and made the tender afterwards, but there was no pretense of a tender at any time, and respondent excused the failure to make one by saying he had no money. If one relies upon legal counsel for protection against punishment for unlawful acts, he must show that he followed it. Complaint is made that the judge in instructing the jury remarked upon the failure of respondent to replevy the buggy, though when respondent was on the stand he was not allowed to testify to a conversation with his counsel about replevying it. The comment on the failure to take proper legal proceedings was certainly legitimate ; what the conversation with his counsel was does not appear from the offer of proof, and we cannot know that it was admissible. To render it admissible the offer should have been distinct, and should have proposed to show that advice was taken on that subject which respondent followed. Nothing of the kind appears here.

We do not discover that respondent was wronged by any ruling of the circuit judge or by any instruction to the jury.

The exceptions must therefore be overruled, and the court is advised to proceed to judgment.

GRAVES, C. J. and MARSTON, J. concurred.