STATE v. GEORGE McCOY.

*Indictment—Larceny—Landlord and Tenant.*

1. An indictment against a tenant for the larceny of crops raised by him, which lays the property in the landlord and tenant as their joint and undivided property, cannot be sustained.

2. A general owner of goods may be indicted for stealing the same from the special owner or bailee, but in such case the indictment must lay the property in the special owner.

(*Lucas* v. *Wasson,* 3 Dev., 398; *State* v. *Webb,* 87 N. C., 558, and cases cited, approved).

INDICTMENT tried at Spring Term, 1883, of MADISON Superior Court, before *Avery, J.*

The bill contained two counts, one for larceny and the other as follows, to-wit:

"And the jurors for the state, upon their oaths aforesaid, do further present, that the said George McCoy, on the day and year aforesaid, with force and arms, at and in the county aforesaid, two bushels of corn of the value of two dollars, of the goods, chattels and moneys of one J. G. Roberts and the said George McCoy, the said two bushels of corn being the joint and undivided property, goods, chattels and moneys of the said J. G. Roberts and said George McCoy, the said J. G. Roberts and George McCoy each owning one undivided half of the said two bushels of corn, as landlord and tenant, the said J. G. Roberts being the landlord and owner of the land upon which the corn had been grown, and the said George McCoy being the tenant of the said J. G. Roberts, who grew the said corn, the said corn being undivided and then and there being found, feloniously did steal, take and carry away, against the form of the statute in such case made and provided and against the peace and dignity of the state."

The solicitor entered a *nolle prosequi* as to the first count.

The defendant demurred to the bill of indictment and moved that it be quashed. The court sustained the motion, and from this ruling the solicitor for the state appealed;

*Attorney-General*, for the State.

No counsel for the defendant.

ASHE, J. The bill charges that the corn alleged to have been stolen was *of the goods, chattels and moneys of one J. G. Roberts and the defendant George McCoy.*"

LORD HALE says: "Regularly a man cannot commit felony of goods whenever he hath property. If A and B be joint tenants or tenants in common of an horse, and A takes the horse, possibly *animo furandi*, yet this is not felony, because one tenant in common, taking the whole, doth but what by the law he may do." Vol. I, p. 515. And the reason for this is, that there is

in fact no taking, for he is already in possession, and *taking* is a material ingredient in the crime of larceny.

It is true there are circumstances in which a man may commit larceny of property of which he is the general owner, as where he takes it with a felonious intent from the special owner in order to charge him with the value. 2 East. P. C., 654; *Rex* v. *Wilkerson*, 1 Russ. & Ry., 470; *Palmer* v. *People*, 10 Wend., 105. But this doctrine only applies to those cases in which the person in possession sustains to the owner such a relation as to be legally chargeable with the loss of the goods; and in every such case the indictment should lay the property to be in the special owner. Bishop Crim. Pro., §682, and Bishop C. L., §802. Hawkins, in his Pleas of the Crown, lays down the doctrine " that any indictment of larceny must have the words *felonice cepit* as well as *asportavit;* from whence it follows that if the party be guilty of no *trespass* in taking the goods, he cannot be guilty of felony in carrying them away." Vol. I, p. 142.

Where, then, as in the case before us, two persons are joint owners or tenants in common of a personal chattel, the one has as much right to the possession as the other, and one cannot maintain an action against the other for a trespass upon his possession ; though it is held he may sustain the action of trover, where the joint property has been destroyed, or, if of a perishable nature, has been so disposed of that the other cannot recover it, which is held to be equivalent to destruction. *Lucas* v. *Wasson,* 3 Dev., 398.

The law appertaining to the relative rights and possession of landlord and tenant, and the liability of the latter to criminal prosecution for larceny, has been pretty fully expounded in the recent cases of the *State* v. *Webb*, 87 N. C., 558, and *State* v. *Copeland*, 86 N. C., 691.

Possibly an indictment for a misdemeanor might be sustained against the defendant, under THE CODE, §1759, but this bill of indictment cannot be sustained, and was properly quashed by His Honor in the court below.

There is no error. Let this be certified to the superior court of Madison county.

No error.　　　　　　　　　　　　　　　　　　　Affirmed.