[No. 20738.    Department One. — September 8, 1891.]

THE PEOPLE, RESPONDENT, *v.* AH JAKE, APPELLANT.

CRIMINAL LAW — HOMICIDE — BURDEN OF PROOF — INSTRUCTIONS — HARM-
    LESS ERROR. — An instruction to the jury, upon the trial of a defendant
    accused of the crime of murder, that the burden of proof would be thrown
    upon him to show the absence or want of malice, unless the proof on the
    part of the prosecution "shows" that the crime committed only amounted
    to manslaughter, or that the defendant was justifiable or excusable, al-
    though ignoring, as an isolated instruction, the circumstances of mitiga-
    tion which might have been proved on the part of the prosecution
    "tending to show" such facts, yet is not prejudicially erroneous, where
    the charge, considered as a whole, stated the law correctly.

ID. — CIRCUMSTANTIAL EVIDENCE — PARTICULAR CIRCUMSTANCES — INSTRUC-
    TIONS — PROVINCE OF JURY. — When the jury has been properly in-
    structed, upon a trial for homicide, that every link in a chain of circum-
    stances necessary to a conviction from circumstantial evidence must be
    established by the people to a moral certainty, and beyond all reasonable
    doubt, it is not error to refuse to instruct them as to particular circum-
    stances, it being for the jury to decide whether or not any special piece
    of evidence or circumstance was a necessary link in the chain.

APPEAL from a judgment of the Superior Court of Siskiyou County, and from an order denying a new trial.

The facts are stated in the opinion.

*Gillis & Tapsgott,* for Appellant.

*Attorney-General Hart,* for Respondent.

FITZGERALD, C. — The defendant, who was accused by information of the crime of murder, was convicted of murder in the second degree, and sentenced to imprisonment in the state prison for the term of thirteen years. This appeal is taken from the judgment and the order denying his motion for a new trial.

The errors complained of relate to the rulings of the court upon the admission and rejection of testimony against the objections and exceptions of the defendant, and upon the giving of the second instruction for the people, and the refusal of the fourth instruction asked for by the defendant.

The first of these instructions is claimed to be erroneous, on the ground " that it does not state the law correctly," and the objection is especially urged against that part of it which reads as follows: " The burden of proof will be thrown on the defendant to show the absence or want of malice, unless the proof on the part of the prosecution *shows* that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable."

While it is true that this isolated instruction ignores the circumstances of mitigation which may have been proved on the part of the prosecution, tending to show " that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable," yet the charge of the court must be considered as a whole, and when so considered will be found, as we think, to state the law correctly and to be clearly applicable to the facts of the case.   The words " tends to show " were twice used in this same connection by the court in other portions of its charge to the jury.

The fourth instruction asked by the defendant, and refused by the court, is as follows: " Where circumstantial evidence is depended on by the people to convict a defendant, it is necessary for them to establish every link in the chain of circumstances beyond all reasonable doubt, and to the entire satisfaction of the jury; therefore, if the jury believe from the testimony that one of the necessary links in the necessary chain of circumstances in this case was, that the deceased was killed without any club in his hand, then, before you can convict the defendant, you must be entirely satisfied that the deceased, at the time he was killed, had no club in his hand; and if you should find that he did have a club in his hand at the time he was killed, then you will acquit the defendant; or if you should be in reasonable doubt as to whether or not he had a club in his hand at the time he was killed, then you will give the defendant the benefit of the doubt, and acquit him; or if you should find that one of the necessary links in the chain of circumstances necessary to convict in this case was, that the defendant was seen running away from the deceased at the time of the killing, then you will have to be satisfied beyond all reasonable doubt that the witness Sing was the party who was in the house at the time of the killing, and who ran to the door immediately after the killing, and that he is the party who ran down to the claim and gave the alarm, and that he was not in the claim at the time of the shooting; or if you have any doubts as to his, being the said party, then you should give the defendant the benefit of the doubt, and acquit him."

This instruction was properly refused, as the subject-matter thereof was given to the jury in instruction No. 9, to wit: " When the people rely upon circumstantial evidence to convict the defendant, every link in the chain of circumstances necessary to a conviction must be established by the people to a moral certainty, and beyond all reasonable doubt."

It was for the jury to decide whether or not any special piece of evidence or circumstance was a necessary

link in the chain; and if it decided that such evidence or circumstance was a necessary link, then the instruction just quoted plainly told them that to their minds, as jurors, such link must be established to a moral certainty, and beyond all reasonable doubt.

The exceptions taken by appellant to the rulings of the court upon the admission and rejection of evidence, and assigned as error, are very numerous; but as they are either harmless or untenable, we do not deem it necessary to notice them.

We are constrained to say, however, that the evidence upon which the defendant was convicted of the crime of murder in the second degree is not to our entire satisfaction; but as it is, on the whole, substantially conflicting, the verdict, under the well-established rule of the court, will not be disturbed on the ground of the insufficiency of the evidence to support it.

We therefore recommend that the judgment and order be affirmed.

Belcher, C., and Vanclief, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.