[Crim. No. 32.   Department One.—November 19, 1895.]

## THE PEOPLE, RESPONDENT, *v.* WONG CHONG SUEY, APPELLANT.

CRIMINAL LAW—GRAND LARCENY—CIRCUMSTANTIAL EVIDENCE—CONFLICT —PROVINCE OF JURY.—Where there was sufficient circumstantial evidence adduced by the prosecution to authorize the jury to believe in the guilt of a defendant accused of grand larceny, the fact that the evidence on behalf of the defendant tended to account for the money found in his possession, and to rebut the suspicious circumstances, only raised a conflict in the evidence which it was the province of the jury to determine.

ID.—IDENTIFICATION OF MONEY—SUFFICIENCY OF PROOF.—The prosecution is not required definitely to identify the money found upon the person of the defendant as being that taken from the safe of the prosecuting witness; but if it is shown to be the same in amount and in the same

coin and denomination, and that defendant was in a situation where he could have taken it, and there are other circumstances of a suspicious nature, the evidence is sufficient to go to the jury upon the question of identity of the money, and the sufficiency of the evidence to establish that fact is for the jury.

ID.—PROVINCE OF JURY—CONCLUSIVENESS OF VERDICT. — When there is any evidence legally tending to sustain a fact, the question whether it amounts to proof of that fact is for the jury, and their finding will not be disturbed upon appeal, unless the evidence preponderates so greatly against the verdict as to make it manifest that the verdict is the result of passion or prejudice.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. GEORGE H. BAHRS, Judge.

The facts are stated in the opinion of the court.

*J. J. Scrivner*, for Appellant.

Where a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the prisoner's guilt, but inconsistent with any other reasonable hypothesis consistent with the proof. (*People* v. *Shuler*, 28 Cal. 490; *People* v. *Strong*, 30 Cal. 151; *People* v. *Dick*, 32 Cal. 213; *People* v. *Murray*, 41 Cal. 66; *People* v. *Wong Ah You*, 67 Cal. 31.)

*W. F. Fitzgerald, Attorney General*, and *Charles H. Jackson, Deputy Attorney General*, for Respondent.

It is the peculiar province of the jury to weigh the evidence and decide upon the credibility of witnesses; and this court will not disturb verdicts on this ground unless there is either a total deficiency in the evidence, or it preponderates so greatly against the verdict as to render it clear that the jury must have been under the influence of passion or prejudice. (Hayne on New Trial and Appeal, 856; *People* v. *Dick*, 32 Cal. 214; *People* v. *Ybarra*, 17 Cal. 171; *People* v. *Ah Fung*, 17 Cal. 377; *People* v. *Dick*, 34 Cal. 663; *People* v. *Estrada*, 53 Cal. 600; *People* v. *Manning*, 48 Cal. 335; *People* v. *Ah Loy*, 10 Cal. 301; *People* v. *Freeman*, 92 Cal. 359; *People* v. *Ah Jake*, 91 Cal. 98–101; 1 Chitty's Criminal Law,

528; *Wilson* v. *Fitch*, 41 Cal. 385.)   The severest test of circumstantial evidence is that nobody could possibly have committed this robbery but the defendant, and no reasonable hypothesis could be formed by which defendant could be regarded as innocent.   (*People* v. *Murray*, 41 Cal. 66.)

Van Fleet, J.—Defendant appeals from a judgment convicting him of grand larceny and an order denying him a new trial, and makes the single point that the evidence is insufficient to sustain the verdict.

We were strongly of the impression at the oral argument that the contention of appellant could not be sustained, but the point was urged with so much earnestness and evident sincerity on the part of counsel in the correctness of his position, as to induce at our hands a further careful examination and consideration of the evidence in the light of the criticisms passed upon it. The result is only to confirm our impressions into conviction, and to satisfy us that we would not be warranted in disturbing the verdict.

The specific charge was the taking of sixty dollars in money belonging to one Hervey on October 26, 1894, and the evidence of the prosecution tended to show these facts in substance.   Defendant was a domestic in the family of Hervey, having been recently employed therein as cook.   His sleeping room was in the basement.   In another room in the basement his employer had a safe in which he kept valuable papers, and, at times, a limited sum of money for current household expenses.   On this occasion it contained sixty dollars in gold in twenty-dollar pieces.   The defendant had opportunity to know the general purposes for which the safe was kept, and had access to the room wherein it stood.   On the date in question, between 7 and 8 o'clock in the evening, just after finishing his work for the day, the defendant came upstairs and announced in an apparently excited manner that he had lost all his money, every cent he had, and some clothing; that his room

had been entered and thirty-four dollars in money, a pair of new trousers that he had just got the day before, and an overcoat taken. Upon immediate investigation by Mr. Hervey, it was discovered that the safe door stood open, and that the sixty dollars and some small articles of jewelry had been abstracted from the money drawer, but that nothing else in the safe had been in any way disturbed, nor was any further evidence discovered in the basement of the presence of an intruder. The defendant's room was in order and undisturbed, except that defendant claimed that his clothing had been taken from the wall, with the money which he claimed had been left in the pocket of one of the garments. A small window stood open near the safe, but the blinds were closed and a heavy layer of dust on the sill was wholly undisturbed, and there was nothing to indicate that any one had passed in or out by that means. The door leading out of the basement was locked and defendant had the key.

The police were at once called, and on their arrival they accused defendant of the theft and searched his person. In one of his pockets was found his purse containing a small sum of money, but in a small fob pocket of his trousers was discovered three twenty-dollar gold pieces. It appeared that Mr. Hervey had had occasion to go to the safe for some money that afternoon about 2 o'clock, and was of the impression that he had neglected to turn on the combination when leaving it. The defendant was at the time in the basement and saw his employer go to the safe. It was also shown that when Mr. Hervey went to call the police he told the defendant to wait until they came, but that he started down town and reluctantly came back on being requested; at this time he had on an overcoat, but whether the one he claimed to have lost does not appear. It was further shown that the statement of defendant about buying a new pair of trousers the day before was untrue.

The theory of the prosecution was that defendant found the door of the safe unlocked, took the money,

and then to divert suspicion from himself made up the story of having been himself robbed; and it is perfectly obvious that if the jury believed the evidence of the prosecution it was sufficient to sustain this theory. It is true the evidence is wholly circumstantial and that the evidence on behalf of defendant tended to account for the money and rebut the suspicious circumstances, but the only effect of this was to raise a conflict which it was the province of the jury to determine.

It was not required that the prosecution should definitely identify the money found on the person of the defendant as that taken from the safe. It was shown to be the same in amount and in the same coin and denomination, and that defendant was in a situation where he could have taken it, and, in connection with the statements of defendant that he had just been robbed of all his money, and the other circumstances of a more or less suspicious nature appearing, was sufficient evidence to go to the jury upon the point. Its sufficiency to establish the fact was for the jury. When there is any evidence legally tending to sustain a fact the question whether it amounts to proof of that fact is to be left to the jury, and their finding will not be disturbed by this court unless the evidence preponderates so greatly against the verdict as to make it manifest that the verdict is the result of passion or prejudice. (*People* v. *Freeman*, 92 Cal. 359; *People* v. *Ah Jake*, 91 Cal. 98; *People* v. *Estrada*, 53 Cal. 600.) This case does not disclose such a state of facts, and, however much merit there may be in fact in appellant's claim of innocence, the verdict of the jury is, under the circumstances, conclusive upon us.

The judgment and order are affirmed.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.