[Crim. No. 68. Second Appellate District.—December 20, 1907.]

THE PEOPLE, Respondent, v. SAMUEL CAIN, Appellant.

CRIMINAL LAW—LARCENY OF HEIFER BY GENERAL OWNER FROM SPECIAL OWNERSHIP OF AGISTER.—It is larceny for the general owner of a heifer to steal it from an agister who had taken it from the owner to pasture, for compensation, and who has a special ownership therein for the enforcement of his agister's lien; and the property may be alleged in the information to be the property of the agister.

ID.—CONSTRUCTION OF PENAL CODE.—The words "personal property of another," as used in section 484 of the Penal Code, correctly interpreted, means property in the possession of another who is entitled, as bailee or otherwise, to retain possession thereof for some benefit or profit to himself, to the exclusion of all others, rather than the absolute ownership defined by section 679 of the Civil Code.

ID.—LARCENY FROM BAILEE.—The taking of property by the general owner thereof, from the possession of one who rightfully holds it

as bailee or otherwise for benefit to himself, with the intent to charge such bailee with the value thereof, or to deprive him of such benefit, constitutes larceny.

ID.—INSTRUCTIONS TO BE CONSTRUED TOGETHER.—Instructions given are to be construed together; and in charging the jury it is not necessary, in dealing with each particular phase of the case, to repeat all of the conditions and limitations which are to be gathered from the entire text.

ID.—CHARGE TO JURY—PRESUMPTION OF INNOCENCE—CIRCUMSTANTIAL EVIDENCE.—Where the court had charged the jury that the "law presumes every man innocent until his guilt is established beyond all reasonable doubt, and this presumption attaches to every fact essential to conviction," such instruction is to be taken in connection with an instruction that "while every fact essential to prove the guilt of the defendant to a moral certainty must be fully proven, the law permits this to be done by circumstantial evidence, and where the evidence is circumstantial, but proves every fact essential to sustain the hypothesis of guilt, and to exclude the hypothesis of innocence, and is inconsistent with any other rational conclusion than that of the guilt of the defendant, the law makes it the duty of the jury to convict the defendant," and there was no error in such instructions.

ID.—INSTRUCTION NOT PERTINENT TO EVIDENCE—HARMLESS ERROR—BURDEN UPON APPELLANT.—The giving of an abstractly correct instruction, which is not pertinent to the evidence, is to be regarded as harmless error, where the record upon appeal fails to show how the alleged error could have prejudiced the substantial rights of the defendant, upon whom, as appellant, the burden rests to show such prejudice by the record.

ID.—SUPPORT OF VERDICT—PROVINCE OF JURY AND TRIAL JUDGE.—*Held*, that there is sufficient evidence to support the verdict of guilty of larceny as charged in the information, and that the determination as to the weight of conflicting evidence and the credibility of the witnesses were within the province of the jury in the first instance, and in the second, within that of the trial judge in passing upon the motion for a new trial; and where such motion is denied, the verdict will not be disturbed upon appeal.

ID.—EVIDENCE—ARREST OF AGISTER AND FORMER OWNER BY THIEF—DECLARATIONS—WRONGFUL INTENT.—Evidence was admissible to show that after defendant had stolen the heifer from the possession of the agister, he declared that he would hold the agister and the former owner of the pasture both responsible for her loss, and that he caused them both to be arrested for stealing the heifer from the pasture—in order to establish the wrongful intent with which he stole the heifer.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. .W. B. Wallace, Judge. ·

The facts are stated in the opinion of the court.

Alfred Daggett, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—The defendant was convicted of the crime of grand larceny upon an information wherein it was charged that he did willfully, unlawfully and feloniously take, steal, lead and drive away a certain young cow, to wit, a heifer then and there of the age of about two and one-half years, and then and there the personal property of one T. D. Cheney. Defendant appeals from the judgment and an order of the court denying his motion for a new trial, and in support thereof presents his bill of exceptions.

The subject of the larceny charged was a cow which belonged to defendant. When it was about one year old defendant placed it in a pasture owned by one Blades, agreeing to pay Blades a certain sum per month for its pasturage. A year later, April, 1906, Blades sold and transferred possession of the pasture to T. D. Cheney, who, through Blades, informed defendant, that if the animal remained there he (Cheney) would charge defendant one dollar per month for its pasturage. In September following the defendant called upon Cheney to pay the pasturage bill and get the cow, but owing to a dispute as to the amount due for pasturage and defendant's refusal to pay the sum claimed by Cheney as due himself and Blades, he did not get her. In November, 1906, the cow disappeared from the pasture, and upon defendant being informed of her disappearance, he stated that he would hold Blades and Cheney responsible for her value. Several months later a cow claimed and shown by the prosecution to be the one in dispute was found in a neighboring pasture, where, it was charged, she had been placed by defendant, and from which she was taken by Blades and Cheney to the latter's pasture. Defendant caused the arrest of both

Blades and Cheney for taking this cow, claiming that she was not the one in dispute, but another which defendant owned. The charge against Blades and Cheney was dismissed upon the hearing; whereupon defendant was charged with the larceny of the animal as above stated.

1. It is insisted that the court erred in instructing the jury, in substance, that the law recognized a general and special ownership in personal property, and that it might be stolen from one whose ownership was either general or special; that one who had actual possession of cattle received by him for pasture for compensation has a lien thereon for such compensation and is a special owner thereof and may be deemed the owner thereof within the law of larceny, and an information may properly allege him to be the owner thereof; and, in connection therewith, giving the following instruction:

"From these principles it follows that a person having the general ownership of personal property may be guilty of stealing his own property from another who has a special ownership therein; and if a man willfully and feloniously takes his own personal property away from. the possession of a special owner thereof, with intent to charge such special owner therewith when such special owner has the right as against him to retain it for some benefit to himself, he is guilty of larceny of such property."

Section 484 of the Penal Code defines larceny as the felonious stealing, taking, carrying, leading, or driving away the personal property of another. It being admitted that the animal was the personal property of the defendant, appellant strenuously contends that one of the essential elements necessary to constitute the crime, namely, that the subject of the larceny shall be the "personal property of another," is lack-. ing. This position is not tenable. The law is well settled that the taking of personal property by the general owner with felonious intent from one in possession by virtue of some special right or interest therein constitutes larceny. "It is larceny to steal cattle from an agister who takes them from the owner to pasture, and the property may be alleged in the information to be the property of the agister." (*People v. Buelna,* 81 Cal. 135, [22 Pac. 396]; *People v. Thompson,* 34 Cal. 671; *People v. Long,* 50 Mich. 249, [15 N. W. 105]; 12 Ency. of Pl. & Pr., p. 965; *Palmer v. People,* 10 Wend. 166, [25 Am. Dec. 551]; *State v. McCoy,* 89 N. C. 466; *State v.*

*Stephens,* 32 Tex. 156.) By virtue of the law (Civ. Code, sec. 3051) Cheney not only had an interest in the heifer to the extent of his lien thereon, but sustained to defendant as the general owner a relation which might render him legally chargeable for the value of the cow; and this lien, the enforcement of which depended upon possession, as well as the liability for her value, if imposed, constituted property in the animal which might be feloniously taken from him by the general owner. There is nothing in the code provisions to which appellant directs attention contrary to the general rule. The phrase, ''personal property of another,'' as used in section 484 of the Penal Code, correctly interpreted, means property in the possession of another who is entitled as bailee, or otherwise, to retain possession thereof for some benefit or profit to himself to the exclusion of all others, rather than the absolute ownership defined by section 679 of the Civil Code. Our conclusion is that the taking of property by the general owner thereof from the possession of one who rightfully holds it as bailee or otherwise for benefit to himself, with the intent to charge such bailee with the value thereof, or deprive him of such benefit, constitutes larceny.

2. There was no error in the instruction given to the jury in relation to the scope, effect and consideration to be given to circumstantial evidence, as follows: ''While every fact essential to prove the guilt of the defendant to a moral certainty must be fully proven, the law permits this to be done by circumstantial evidence, and where the evidence is circumstantial, but proves every fact essential to sustain the hypothesis of guilt, and to exclude the hypothesis of innocence, and is inconsistent with any other rational conclusion than that of the guilt of the defendant, the law makes it the duty of the jury to convict the defendant.''

The instruction upon this subject must be read in connection with other portions of the charge (*People* v. *Flynn,* 73 Cal. 511, [15 Pac. 102]; *People* v. *Neber,* 125 Cal. 560, [58 Pac. 133]); and when so read and considered the instruction is substantially identical with that upon the same subject sanctioned in the case of *People* v. *Dick,* 32 Cal. 215, cited by appellant. The court had theretofore charged the jury that, ''the law presumes every man innocent until his guilt is established to a moral certainty and beyond all reasonable doubt, and this presumption attaches . . . to every fact essen-

tial to a conviction." In charging the jury it is not necessary in dealing with each particular phase of the case to repeat all the conditions and limitations which are to be gathered from the entire text. (*People* v. *Doyell,* 48 Cal. 85; *People* v. *Nelson,* 56 Cal. 77; *People* v. *Clark,* 84 Cal. 573, [24 Pac. 313].)

3. The court at the request of the prosecution instructed the jury in the language of section 485 of the Penal Code relating to the finding of lost property. Appellant insists that the action of the court in giving this instruction was erroneous, for the reason that such instruction was not applicable to any theory in support of which evidence was offered. Conceding appellant's position to be correct, it does not follow that it constitutes reversible error. "The giving of an instruction not supported by the evidence is sufficient ground for reversal where it appears that such instruction misled, or might have misled, the jury to the prejudice of the party complaining." (Blashfield on Instructions to Juries, sec.. 91; *People* v. *Devine,* 95 Cal. 227, [30 Pac. 378] ; *People* v. *Roberts,* 1 Cal. App. 447, [82 Pac. 624].) In the case last cited the court says: "While we recognize that it is not every case of giving an instruction not pertinent to the evidence that will result in the reversal of a judgment, we are of the opinion that the giving of the instruction under discussion, under the circumstances of this case, was prejudicial." A careful examination of the record fails to disclose any manner in which the alleged error could have prejudiced the substantial rights of the defendant (Pen. Code, sec. 1404), and counsel does not attempt to point out wherein such rights might have been affected. At the hearing on an appeal prosecuted by one convicted of a crime, the burden rests upon him, not only to disclose wherein the giving of an instruction constituted error, but also to show affirmatively that it tends in some degree to mislead or confuse the minds of the jury to the possible prejudice of his rights; and, unless this is made to appear, the alleged error must be regarded as harmless.

4. The court instructed the jury as follows: "A person who takes in cattle to pasture for compensation, and who has the care and possession of such cattle, has a lien thereon for his compensation for pasturing the same, and is a special owner thereof, and may be deemed to be the owner thereof

within the law of larceny, and an information charging the larceny of such cattle may properly allege that he is the owner thereof.'' Appellant contends that the giving of this instruction constituted error, for the reason that it conveyed to the jury the idea that if defendant took the animal away he was guilty of stealing her as against Blades. The defendant was not charged with stealing the property of Blades, but was charged with stealing the personal property of one T. D. Cheney. The instruction clearly shows that in order to justify a verdict of guilty the jury must be satisfied that the heifer was, at the time of the taking, in the possession of Cheney.

5. It is next contended that the verdict is contrary to the evidence. In reply to this, it may be said that an examination of the voluminous record shows abundant testimony to justify the conclusion reached by the jury. No good purpose could be subserved by reviewing it. The evidence is conflicting, and while some of the witnesses may have sworn falsely, as claimed by appellant, still the credibility of the witnesses and the weight to be given their testimony are matters, in the first instance, for the consideration of the jury, and, in the second, for the trial judge upon hearing the motion for new trial.

6. The witness Blades was asked the following question by the prosecution: ''Were you and Mr. Cheney placed under arrest for stealing this calf you have been referring to, that you took into town at that time?'' The court overruled defendant's objection to the same, and this ruling is assigned as error. The question was proper as tending to elicit evidence of the intent of defendant in taking the heifer from the pasture of Cheney. It was necessary, under the theory of the prosecution, to prove that he took her with the intent to charge Cheney with her value. He had stated that he would hold Blades and Cheney responsible for her loss. This question, and the admission of the evidence in the proceedings had before the justice of the peace wherein Blades and Cheney had been arrested for taking the heifer from the pasture wherein it was claimed defendant had placed her, were proper and legitimate for the purpose of showing the wrongful intent with which defendant deprived Cheney of the possession of her. The evidence was admissible upon the same ground that evidence of a civil suit instituted by defendant against them for her value would be admissible.

We are unable to find any prejudicial error in the record. The judgment and order are affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1908.