[Crim. No. 119.  Second Appellate District.—May 5, 1909.]

THE PEOPLE, Respondent, v. J. D. WARD, Appellant.

CRIMINAL LAW—GRAND LARCENY—POSSESSION OF STOLEN HORSE—PECULIAR BRIDLE—COMPETENT EVIDENCE—WEIGHT.—Upon the trial of defendant for alleged grand larceny of a horse, having a peculiar bridle, charged to have been stolen from a stable in Pasadena, and proved to have been found in his possession in his stable in Los Angeles, the testimony of a witness living on the road between those places, that on the morning after the alleged theft a horse having a similar bridle came into his yard and was claimed by a man having the same peculiarities as the defendant and confidently believed to be the same person, was competent, in connection with other circumstances, as tending to show defendant in possession of the stolen horse and claiming the right to the same. The only question relates to the weight of such evidence, and not to its competency.

ID.—SUPPORT OF VERDICT.—*Held,* upon a review of the evidence, considered as a whole, it was sufficient to support the verdict of the jury finding the defendant guilty.

ID.—QUESTION FOR JURY AND COURT.—The question whether or not the evidence constitutes proof of guilt is a question in the first instance for the jury, and in the second for the trial judge upon hearing the motion for a new trial.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. H. Jamison, Judge.

The facts are stated in the opinion of the court.

A. A. Sturges, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—Defendant was convicted upon an information charging him with the crime of grand larceny. The subject of the larceny was a certain horse belonging to one Frank A. Marston.

The appeal is from the judgment and an order denying defendant's motion for a new trial.

The first assignment of error is that the court erred in denying the defendant's motion to strike out the entire evidence of witness John Beardsley, who testified on behalf of the prosecution. It appears that the horse was stolen from Marston's stable in Pasadena on the night of August 9th, and that with the horse there was taken a bridle having attached thereto a single driving rein. Beardsley lived on the road leading from Pasadena to Los Angeles, at which place the horse was subsequently found in a stable which defendant had theretofore rented and of which, the evidence tended to show, he was in the exclusive possession. Beardsley, in effect, testified that he was awakened about 1 o'clock on the morning of August 10th, and looking out saw in his yard a horse from which a man was running away; that as he approached the horse for the purpose of securing him he (Beardsley) saw someone coming from the direction in which he had seen the man running; that this man claimed the horse, upon which was a bridle to which was attached a single driving rein; that the man in size, build, voice, and walk, marked by a noticeable limp in the left leg, resembled the defendant, who was likewise lame, and whom he confidently believed to be one and the same person. This testimony, taken in connection with the evidence of other circumstances, was competent in that it tended to prove defendant in possession of a horse at a time when, and in the vicinity where, a horse with this peculiarly marked bridle had been stolen. There was no error in denying the motion to strike out. Any objection thereto should be directed to its weight, rather than to its competency.

There is no merit in the claim that the evidence is insufficient to support the verdict. The evidence tends to prove that

on August 6th defendant, claiming to be a horse trainer, rented a barn at 916 South Broadway in the city of Los Angeles; that he took possession of the barn and put a padlock upon one of the doors thereof; that the horse was stolen from Marston's stable on the night of the 9th of August and found in this barn on August 15th, from which it was recovered by Marston on the 18th of August; that a bridle with a piece of rein attached thereto similar to that taken was found in the barn with the horse; that defendant was arrested on August 13th, at which time he had in his possession a key which unlocked the padlock with which one of the doors to said barn was secured. This and other evidence, considered with that of Beardsley heretofore referred to, was sufficient to warrant the jury in finding a verdict of guilty. Whether or not it constitutes proof is a question, ''in the first instance, for the jury, and, in the second, for the trial judge upon hearing the motion for new trial.'' (*People* v. *Cain*, 7 Cal. App. 163, [93 Pac. 1037]; *People* v. *Wong Chong Suey*, 110 Cal. 117, [42 Pac. 420].)

The judgment and order are affirmed.

Allen, P. J., and Taggart, J., concurred.