[Crim. No. 189.   Second Appellate District.—June 5, 1911.]

## THE PEOPLE, Respondent, v. TERRY GIBSON, Appellant.

CRIMINAL LAW—GRAND LARCENY—THEFT OF WATCH AND COIN FROM TRUNK—HYPOTHECATION OF WATCH UNEXPLAINED—SUPPORT OF VERDICT.—Upon the trial of a charge of grand larceny of the defendant in stealing from the trunk of the prosecuting witness a watch of the value of $55 and $65 in coin, which were stolen from the trunk at the same time, where the defendant offered no evidence, and it was proved that·three or four days after the theft the defendant pawned the stolen watch to a pawnbroker, and negotiated a loan thereon, claiming it as his own, a verdict of guilty as charged is justified

ID.—EFFECT OF POSSESSION AND CONTROL OF PART OF STOLEN PROPERTY —CIRCUMSTANCES SHOWING FULL GUILT.—The possession of part of the stolen property three or four days after the theft was, in itself, in the absence of any explanation on his part, a circumstance tending to show guilt. Though standing alone, it was not sufficient to justify a conviction, yet, when .we add the fact that he asserted ownership thereof, this circumstance, when taken in connection with the fact that the watch and coin were in the same receptacle, and were missed at the same time, warranted the jury in concluding therefrom, not only that the defendant had stolen the watch he claimed to own, but had, likewise and at the same time, stolen the $65 in coin.

ID.—SLIGHT CORROBORATION OF FACT OF RECENT POSSESSION.—Where in the absence of any evidence on the part of the defendant, it appears that he is found in possession of recently stolen goods, slight corroborative evidence of other inculpating circumstances will justify the submission of the case to the jury.

ID.—SUFFICIENCY OF PROOF A QUESTION OF FACT.—Whether or not the proof of guilt is sufficient is a question, in the first instance, for the jury, and, in the second, for the trial judge in passing upon the motion for a new trial.

ID.—SUFFICIENT EVIDENCE OF IDENTITY OF WATCH.—The evidence was sufficient to show the identity of the watch stolen with that pawned, where it tended to establish that fact to the satisfaction of the jury.

ID.—PROPER INSTRUCTIONS AS TO RECENT POSSESSION OF STOLEN PROPERTY.—The court properly instructed the jury that: "If the jury believes from the evidence, beyond a reasonable doubt, that the property mentioned in evidence was stolen from the premises de-· scribed in the evidence, and received into the possession of the defendant shortly after being stolen, the failure of the defendant to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show his guilt, and

the accused is bound to explain the possession, in order to remove the effect of possession as a circumstance to be considered with other suspicious facts, if the evidence discloses any such," and "that the mere possession of property recently stolen is not of itself sufficient upon which to convict the defendant of theft," but "it is a circumstance tending to show guilt, but not of itself sufficient to warrant conviction."

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Alfred Siemon, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—By information filed by the district attorney defendant was charged with the crime of grand larceny, and upon trial therefor he was convicted. The appeal is from the judgment and an order denying defendant's motion for a new trial. He contends for a reversal upon two grounds, namely: that the evidence is insufficient to justify the verdict and errors of the court in instructing the jury.

The subject of the larceny was a watch of the value of $35 and $65 in coin, which were stolen from the trunk of the prosecuting witness. The evidence tends to show that at the time of the theft this trunk was in a bunk-house occupied by defendant, the prosecuting witness and two or three others, all of whom were engaged in constructing oil rigs in the McKittrick oil fields; that the watch and $65 in coin were in the trunk at noon on July 15th, and that defendant ceased work as an employee and left the bunk-house on the afternoon of that day, going to the town of McKittrick; that on the day following the owner discovered that the property had been stolen; that on July 19th defendant presented the watch alleged to have been stolen by him to a pawnbroker in the city of Los Angeles and, claiming to own it, negotiated a loan thereon. The defendant offered no evidence whatever. The possession by defendant of a part of the stolen property three or four days after the theft was in itself, in the absence of

any explanation on his part, a circumstance tending to show guilt. Standing alone, it was not sufficient to justify a conviction, but added to this is the fact that he asserted ownership thereof, a circumstance which, when taken in connection with the fact that both the coin and watch were in the same receptacle and missed at the same time, not only warranted the jury in concluding that defendant had stolen the watch which he claimed to own, but had likewise and at the same time stolen the $65 in coin. (*People* v. *Melvane,* 39 Cal. 614.) Where, in the absence of any evidence on his part, it appears that a defendant is found in possession of recently stolen goods, slight corroborative evidence of other inculpatory circumstances will justify the submission of the case to the jury. (*People* v. *Vidal,* 121 Cal. 221, [53 Pac. 558].) ''Whether or not it constitutes proof is a question, in the first instance, for the jury, and, in the second, for the trial judge upon hearing the motion for new trial.'' (*People* v. *Ward,* 10 Cal. App. 524, [102 Pac. 679] ; *People* v. *Cain,* 7 Cal. App. 163, [93 Pac. 1037] ; *People* v. *Wong Chong Suey,* 110 Cal. 117, [42 Pac. 420].)

There is no merit in appellant's contention that the watch identified by the prosecuting witness as the one stolen from him was not the same watch identified by witness Cohn as the one upon which he made the loan to defendant. Suffice it to say that the evidence tended to establish the fact.

''But the chief cause of complaint and the most potent reason for a reversal of the case,'' says appellant, is the alleged error of the court in giving to the jury the following instruction: ''If the jury believes from the evidence, beyond a reasonable doubt, that the property mentioned in evidence was stolen from the premises described in the evidence, and received into the possession of the defendant shortly after being stolen, the failure of the defendant to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show his guilt, and the accused is bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence discloses any such.'' In connection with this, the jury were further instructed as follows: ''You are further instructed that the mere possession of property recently stolen is not

of itself sufficient evidence upon which to convict the defendant of theft. It is a circumstance tending to show guilt, but not of itself sufficient to warrant conviction." The giving substantially in the form here used of instructions in like cases has been so often approved by the supreme court that it may be said the propriety thereof has become settled law in this state. (*People* v. *Horton,* 7 Cal. App. 34, [93 Pac. 382] ; *People* v. *Etting,* 99 Cal. 577, [34 Pac. 237] ; *People* v. *Abbott,* 101 Cal. 646, [36 Pac. 129].) If there is anything in the case of *People* v. *Abbott* (Cal.), 34 Pac. 500, cited by appellant, contrary to this view, it must be deemed overruled by these later decisions.

We find no reversible error in the record; hence, the judgment and order denying defendant's motion for a new trial are affirmed.

Allen, P. J., and James, J., concurred.