[Crim. No. 1752. Second Appellate District, Division One.—June 19, 1929.]

THE PEOPLE, Respondent, v. MORRIS COHEN, Appellant.

Grant B. Cooper and Herman D. Greenschlag for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

YORK, J.—Appellant was convicted of the crime of murder and sentenced to life imprisonment and he appeals from the order denying his motion for a new trial and from the judgment of conviction.

The record discloses sufficient circumstantial evidence to sustain the conviction of the defendant by the jury, and in his appeal brief appellant raises the following points:

1. That the evidence is insufficient to sustain or justify the verdict.

2. That the court erred in refusing to give a certain instruction requested.

3. That the court erred in allowing testimony as to weight and contents of certain cans of cyanide.

4. That the court erred in permitting the prosecution to give evidence of the contents of a certain stomach in absence of legal evidence to identify it.

5. That the information fails to charge the crime of murder.

1. Appellant maintains in connection with the first point, that there was an absolute break in the state's chain of circumstantial evidence in that it failed to connect the defendant with the whisky or sack found by Mr. Lipsitz, and that the evidence discloses an equal or greater opportunity on the part of Lipsitz to have placed poison in the

whisky, and that thus, as a matter of law, the evidence is insufficient to sustain the verdict.

It was a matter for the jury to decide whether or not this special piece of evidence or circumstance was a necessary link in the chain. (*People* v. *Ah Jake*, 91 Cal. 98, 100 [27 Pac. 595].)

■ 2. The court refused to give the following instruction required by appellant: "The defendant is not required by law to testify in his own behalf, nor is he bound to explain his actions or conduct. The strongest presumption of law is that the defendant is innocent and he may rest upon this presumption. The fact that the defendant has not testified on his own behalf in this case is not, according to the law, any evidence at all as to his guilt or innocence, and you will not take such fact into consideration nor draw any inferences therefrom in arriving at your verdict."

Appellant assigns refusal of the court to give this instruction as error. As a matter of fact, appellant did take the stand. It is true, it was for a limited purpose only—in order to identify and prove his signature to certain hospital records—but it was not the duty of the court to rewrite the instruction requested in order to make it conform to the facts in the case. Under the circumstances, it was not error for the court to refuse to give the instruction.

■ 3. In connection with appellant's third point, he maintains that the only evidence by which guilt could have been inferred by the jury in this case was the alleged possession of the cyanide by the defendant. Over the objection of appellant, the trial court admitted into evidence the testimony of one Forster, foreman of the Western Wholesale Drug Company, to the effect that he had within ten days preceding the trial, opened seventeen cans of cyanide, counted the number of eggs in them and weighed them and that these cans were similar to the can in evidence, the purpose of this testimony being to show that the can of cyanide returned by appellant to the druggist had been opened for the express purpose of extracting a portion of its contents. In other words, it was just another link in the chain of circumstantial evidence by which it was sought to connect the defendant with the crime. However, the trial court ordered this evidence stricken from the record, after a lapse of some time, and admonished the jury to disregard it. As it is to be

assumed that the jury heeded the admonition of the court and disregarded the evidence, we are of the opinion that no prejudice resulted to appellant.

4. The appellant contends that there was not sufficient identification of the body of deceased to admit in evidence the testimony of the autopsy surgeon or the testimony of the chemist who examined the stomach.

After a careful examination of the record, we are of the opinion that there was sufficient identification of the body of deceased, and that no error was commited by the admission of the evidence complained of.

5. The information in the instant case follows the form prescribed by section 951 of the Penal Code. In the case of *People* v. *Coen,* 205 Cal. 596 [271 Pac. 1074], the Supreme Court in passing upon the sufficiency of the information there, which was in the same form as the one used in the instant case, recognized the force and effect of section 951 of the Penal Code, as amended in 1927 (Stats. 1927, p. 1043), and held that an information, which followed substantially the language of the code section in question, was sufficient to charge the crime of murder.

For the reasons hereinabove set forth, the order denying the motion for a new trial and the judgment of conviction are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 1, 1929.