[Crim. No. 1817. First Appellate District, Division One.—March 28, 1935.]

THE PEOPLE, Respondent, v. RUSSELL MARINO, Appellant.

Nathan C. Coghlan for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant was charged with the commission of three crimes: pandering, pimping and contributing to the delinquency of a minor. These charges were consolidated and the evidence as to all three was presented to one jury. Appellant was acquitted of the offense of pimping, but was found guilty of the other two offenses. Motion for new trial was made and denied. This is an appeal from the order and from the final judgment of conviction.

The main point relied upon for a reversal is that the evidence is insufficient to show appellant was guilty of pandering, but at most shows appellant to have been guilty of contributing to the delinquency of a minor of which crime he was found guilty. In this connection the indictment charged that appellant did procure for one Julie Haley, a female person, a place in a house of prostitution. The evidence is of a sordid character and it is not necessary to review it in detail. So much of it as is necessary to a proper discussion of the point raised shows that one Lawrence Avenell sent a letter to Julie Haley, a school girl residing with her parents in Fresno, informing her that if she would come to San Francisco he could find employment for her. Upon her arrival he took her to the apartment of one Lea Wood who was conducting a house of prostitution. Appellant was consorting with the Wood woman, receiving money from her and keeping an account of her receipts and expenditures. The prosecuting witness met appellant when Avenell brought her to the Wood establishment. On this day the Wood woman had been given notice to move by the owner of the premises. Appellant then secured a new place for her to go. He paid a deposit on the rent of the new premises and received a receipt made out to him. Ap-

pellant then proceeded to move some of the possessions of the Wood woman to the newly rented apartment. The prosecuting witness was told to go with him. On their arrival at that place appellant discussed the subject of prostitution with her and informed her what she would have to do with men who called. He succeeded in inducing her to have sexual relations with him, and appellant spent most of the night with her. The next day appellant and the Wood woman again discussed with the prosecuting witness what she would have to do as a prostitute. While carrying on her acts of prostitution with different men, the Wood woman directed the prosecuting witness to be present so she would become familiar with her duties. The young victim thereafter engaged in prostitution. On account of her youthful appearance and slight stature the Wood woman and appellant discussed the prospect of placing the young girl in an oriental location frequented by Chinese patrons. Before this scheme could be carried out all the parties were arrested and this prosecution followed.

It is appellant's contention under these facts that he did not procure a place in a house of prostitution for the prosecuting witness, as the procurement for her had already been accomplished by another and the crime completed before he even knew of her existence. The objection is without merit. It is true that on the day appellant met the prosecuting witness she had been brought to the apartment of the Wood woman by another, but before any prostitution was practiced by the prosecuting witness she was removed by appellant to the new apartment for the purposes of prostitution. Upon arriving at this place she immediately became an occupant of the place procured by appellant and immediately thereafter she practiced prostitution. Appellant therefore accomplished the procuring and placing of the prosecuting witness in a house of prostitution within the meaning of the statute.

█ Appellant next complains of an instruction to the jury defining the crime of pandering. The trial court defined the offense in the language of the statute. In this connection appellant contends that as he was not charged with all of the various acts specified in the pandering statute, but with only one of them, to instruct the jury as to all of these acts confused and misled them to his prejudice. The court

read to the jury the three indictments, and as to the pandering indictment instructed it that appellant was charged with having wilfully, unlawfully, knowingly and feloniously procured for one Julie Haley, a female person, a place as an inmate in a house of prostitution. Under such circumstances the jury could not have been misled to the prejudice of appellant. (*People* v. *Burns*, 63 Cal. 614; *People* v. *Cain*, 7 Cal. App. 163 [93 Pac. 1037]; *People* v. *Schmah*, 62 Cal. App. 192 [216 Pac. 624].)

And finally appellant complains of an instruction touching the right of a defendant in a criminal case to be or not to be a witness. The court instructed the jury in substance that a defendant in a criminal case cannot be compelled to be a witness against himself, but if he offers himself as a witness, as was done here, he may be cross-examined as to all matters upon which he was examined in chief; that it was the duty of the jury to carefully weigh and consider his testimony in the same manner as other witnesses', and not reject it merely because he was the defendant in the case. It is claimed that this instruction was unnecessary and injurious to the appellant as it implied that appellant needed defense because of the fact that he was the defendant. This same question was before this court in the case of *People* v. *Cascino*, 137 Cal. App. 73 [29 Pac. (2d) 895], where it was held that such an instruction was not prejudicial.

The order and judgment are affirmed.

Knight, J., and Cashin, J., concurred.