Van Vookhis, J.
On December 4, 1958 a stolen typewriter and radio were pawned in Brooklyn. The defendant’s name was signed to the pledge cards. The complaining witness reported that, upon her return to her apartment after work that day, she discovered that the lock had been broken on the door and that, in addition to the pawned typewriter and radio, there were missing her diamond ring, watch and bracelet. The defendant was found guilty of grand larceny in the second degree, which meant that the jury found the value of the stolen goods to have exceeded $100. The radio and typewriter, traced to defendant’s possession upon the day of the theft, were not shown to have been worth enough to have convicted him of more than petit larceny. If defendant at the same time took also the diamond ring or watch, which were not traced to his possession, he was correctly found guilty of second degree grand larceny. Whether he took them too depends upon whether the jury could infer that he did so from the circumstance that he possessed the radio and typewriter. Circumstantial evidence, which it is not necessary to enumerate in detail, amply supports a determination by the jury that he was knowingly in recent and exclusive possession of the stolen radio and typewriter without adequate explanation other than that he was the thief (People v. Foley, 307 N. Y. 490). This does not create a presumption of law of the guilt of the possessor, but is sufficient to create a question of fact to be decided by the jury (Stover v. People, 56 N. Y. 315; People v. Berger, 260 App. Div. 687, affd. 285 N. Y. 811).
The issue on this appeal concerns whether possession of part of the stolen goods under these circumstances is sufficient to enable the jury to infer that the defendant also stole the other articles which the complaining witness testified were missing at the same time and place. Although the question has not been decided by this court, the consensus appears to be that it is *223 sufficient for that purpose (Lynch v. State, 95 Ark. 168; People v. Gibson, 16 Cal. App. 347; State v. Perry, 165 Iowa 215; State v. Weaver, 56 S. W. 2d 25 [Mo.]; State v. Dancyger, 29 N. J. 76; State v. Hibberd, 123 Ore. 490; Hill v. State, 41 Tex. 253; Johnson v. Commonwealth, 142 Va. 639).
In Hill v. State (supra, pp. 256-257) the Texas court said: “ The rule is laid down, both by elementary writers and in the reports, that the jury may infer the stealing of the whole from the possession of part. (1 Phillips’ Ev., C. & H.’s notes, 482, 496; Burrill on Cir. Ev., 454; Comm. v. Fugate, 1 Monr., 1; Comm, v. Montgomery, 11 Mete., 534; State v. Jenkins, 2 Tyler, Verm., 377; Colton’s case, 4 City Hall Bee., N. Y., 139.) ”
Notwithstanding the decision to the contrary in People v. Molina (8 A D 2d 930), we believe this to be the wiser rule, leaving to the jury the convincingness and credibility of the testimony of the complaining witness, or other witnesses, concerning what articles of property disappeared at .the time and place of the theft of the goods discovered in the possession of the accused.
The judgment of conviction should be affirmed.
Chief Judge Desmond and Judges Dye, Fuld, Burke, Foster - and Scileppi concur.
Judgment affirmed.