UNITED STATES of America

v.

Phillip M. COGGINS, Appellant.

No. 22462.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 22, 1970.

Decided Sept. 4, 1970.

Mr. Mark E. Fields (appointed by this court) for appellant.

Mr. John Ellsworth Stein, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee. Mr. David G. Bress, U. S. Atty., at the time the record was filed, also entered an appearance for appellee.

Before FAHY, Senior Circuit Judge, and ROBINSON and MacKINNON, Circuit Judges.

PER CURIAM:

On this appeal, from a conviction of grand larceny,[1] we confront initially the question whether evidence establishing the theft of several artices by a single act of taking, when coupled with evidence establishing the accused's possession of some of the articles recently thereafter, permits an inference, in the absence of satisfactory explanation of the possession, that the accused is the person who stole them all. If it does, we face the further question whether, in the circumstances of this case, the trial judge's instructions afforded sufficient guidance to the jury as to the conditions under which such an inference might properly be drawn against appellant. We answer both questions in the affirmative, and accordingly affirm appellant's conviction.[2]

On December 28, 1967, Karen H. Schleier arrived in the District of Columbia by bus and disembarked at the carrier's terminal. She put her travel bag down, turned and stepped two feet away to reach for her suitcases. When, moments later, she turned back, the travel bag was gone, and she so notified the police. In the travel bag were a small calendar-address book with entries handwritten in German, photographs of friends, and her alien registration card. Also therein were a diamond ring worth about $75, approximately $100 in cash, and other personal effects.

Three days afterward, appellant was arrested for public intoxication. A search uncovered in his possession the address book, photographs and registration card belonging to Miss Schleier.[3] Thereafter, appellant was indicted for grand larceny, and subsequently, at a trial before a jury, was convicted as charged.[4] Since the evidence disclosed that the items found in appellant's possession were of a value less than that prerequisite to guilt of grand larceny,[5] the validity of appellant's conviction of that offense, as distinguished from petit larceny,[6] depends primarily upon the propriety of an inference—from his possession—that he took the travel bag with all of its contents,[7] and secondarily upon the amplitude of the court's instructions to the jury on that score.[8]

---

1. "Whoever shall feloniously take and carry away anything of value of the amount or value of $100 or upward, including things savoring of the realty, shall suffer imprisonment for not less than one nor more than ten years." D.C.Code § 22–2201 (1967).

2. We have also considered other questions raised by appellant, but as to none do we find error. See note 30, *infra.*

3. We have no occasion to investigate the legality of the search since neither in the District Court nor here was that presented as a distinct issue.

4. Appellant took the witness stand at the trial and denied that on arrest he had the address book, photographs or registration card.

5. See note 1, *supra,* and note 6, *infra.*

6. "Whoever shall feloniously take and carry away any property of value of less than $100, including things savoring of the realty, shall be fined not more than $200 or be imprisoned for not more than one year, or both. * * *" D.C.Code § 22–2202 (1967).

7. Discussed *infra* Part I.

8. Discussed *infra* Part II.

## I

■ We have had recent occasion to dissect the rationale of the evidentiary rule authorizing an inference of guilt from the unexplained or unsatisfactorily explained possession of recently stolen property.[9] That analysis exposed the rule as, in essence, a judicial restatement of a treatment of a particular kind of circumstantial proof allowable under specified conditions.[10] What the rule first requires, and what upon satisfaction of the requirements it permits, may profitably be recapitulated here. The Government must first prove beyond a reasonable doubt all elements comprising the *corpus delicti* of a criminal offense in the commission of which property was stolen.[11] The Government must then prove, by the same measure, that the accused had possession [12] of the property recently after the theft.[13] Then, but only then, and unless that possession is satisfactorily explained by other evidence,[14] the trier of fact is permitted, but not compelled,[15] to deduce that the accused is the thief.[16] That is because both in logic and in experience the unexplained or unsatisfactorily explained possession of property proven to have been appropriated in the commission of a recent larceny-type crime indicates that the possessor is the party who committed the crime.[17] And if, on the whole evidence, that indication is strong enough to convince beyond a reasonable doubt, it suffices to support a conviction.[18]

■ Such is the rationale underlying our numerous decisions sanctioning use of the inference where there was a taking of but one article.[19] We have considered the true rationale to be essentially the same where the possession discovered is of a substantial and not easily severable part of something that when stolen was an integrated whole, such as the chassis or engine of a stolen automobile.[20] The case before us, however, involves a possession of three articles that were lodged with unpossessed articles in a travel bag stolen with its contents intact. The crucial inquiry now is whether the reasoning underpinning the deduction of guilt in single-item thefts

9. Pendergrast v. United States, 135 U.S. App.D.C. 20, 30–35, 416 F.2d 776, 786–791, cert. denied, 395 U.S. 926, 89 S.Ct. 1782, 23 L.Ed.2d 243 (1969). See also United States v. Johnson, 140 U.S.App. D.C. ——, 433 F.2d 1160 (1970).

10. Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 31–32, 416 F.2d at 787–788; United States v. Johnson, *supra* note 9, at 1164, 1168–1169 of 433 F.2d.

11. Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 31, 34–35, 416 F.2d at 787, 790–791; United States v. Johnson, *supra* note 9, at 1167 of 433 F. 2d.

12. See United States v. Johnson, *supra* note 9, at 1163–1166 of 433 F.2d.

13. Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 31, 34–35, 416 F.2d at 787, 790–791; United States v. Johnson, *supra* note 9, at 1167 of 433 F.2d.

14. Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 31, 34–35, 416 F.2d at 787, 790–791; United States v. Johnson, *supra* note 9, at 1167, 1170–1171 of 433 F.2d.

15. Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 32, 416 F.2d at 788; United States v. Johnson, *supra* note 9, n. 56, at 1168 of 433 F.2d.

16. Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 31, 34–35, 416 F.2d at 787, 790–791; United States v. Johnson, *supra* note 9, at 1164–1165, 1167 of 433 F.2d.

17. Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 31–32, 416 F.2d at 787–788; United States v. Johnson, *supra* note 9, at 1164–1165, 1168–1169 of 433 F.2d.

18. Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 34–35, 416 F.2d at 790–791; United States v. Johnson, *supra* note 9, at 1167–1168 of 433 F.2d.

19. See cases cited in Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 31 n. 16, 416 F.2d at 787 n. 16.

20. See United States v. Johnson, *supra* note 9.

is valid in a situation of the sort we have here.

In our view, much the same logic is sound. The Government's evidence in this case, exclusive of the inference, demonstrated that someone took Miss Schleier's travel bag at a time when it contained a diamond ring and $100 in money. Although those items were not found in appellant's possession, other items in the pilfered bag were discovered on his person, and only three days after the bag was stolen. Without further elucidation, that possession connoted that appellant came by the possessed articles only through theft of the bag. That connotation, moreover, survived appellant's testimony, not of an innocent acquisition of the articles possessed, but that he never had them,[21] an assertion the jury disbelieved. And it is perfectly clear that if appellant stole the bag, he committed an act of grand larceny.

An important facet of the evidentiary principle under consideration is that the inference, when properly drawable, is not of essential elements of an offense,[22] but only of the identity of the perpetrator of an offense independently proven.[23] Here the Government, by direct evidence, established the offense—not the theft merely of the three articles appellant had, but the theft of a travel bag containing those three items and others as well. It was at this point that the inference came into play, for to a level-headed juror appellant's unsatisfactorily explained possession of the three articles could point vigorously to him as the party who stole the bag.[24]

At the same time, a jury, if it deemed an incriminating inference proper, would have trouble endeavoring to infer appellant's identity as the taker of the three possessed articles but not his identity as the taker of the bag with all its then inclusions. The jury's plight was created by Miss Schleier's testimony that her attention was diverted from the travel bag only momentarily. Appellant's offense could be restricted to a taking of the three articles only by an assumption that he opened the bag and removed the three but left everything else behind, and that within the same few moments of Miss Schleier's preoccupation someone else came by and made off with the bag and its remaining contents. Such an assumption strains itself to the highly improbable.[25]

■ Our analysis, and the conclusion we reach, find strong support in the de-

---

21. See note 4, *supra.*

22. Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 34–35, 416 F.2d at 790–791. This principle pinpoints one of the difficulties in United States v. Grant, No. 22,732 (D.C.Cir. Jan. 22, 1970) (unpublished), where the evidence did not show that articles allegedly stolen by the accused were in the trunk of an automobile at the time the accused commenced his unauthorized use of it. Another difficulty arose from the consideration that the accused's possession of the automobile was not tantamount to possession of articles in the trunk of which, so far as appeared, he was not even aware.

23. Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 31, 34–35, 416 F.2d at 787, 790–791; United States v. Johnson, *supra* note 9, at 1167–1168 of 433 F.2d.

24. It is arguable that any finding that the accused stole more than was discovered in his possession is properly to be attributed, not to the inference derivable from the possession of recently stolen property, but to a deduction from all the circumstances, including, of course, the singleness of the taking. The cases, see note 26, *infra,* seem to attribute such a result to the inference, and the result seems to fall within the compass of the rule of inference. See text *supra* at notes 10–18, 22–23. But whichever the true rationale, the difference in theory is small since the rule of inference is itself but a refined principle of one aspect of the law of circumstantial proof, usable at the jurors' option as they may be persuaded on the entire evidence. Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 32, 34–35, 416 F.2d at 788, 790–791; United States v. Johnson, *supra* note 9, at 1164, 1168–1169 of 433 F.2d.

25. This consideration also has importance in another aspect of this case. See text *infra* at notes 42, 43.

cided cases. While this court seems not to have passed previously on the precise question, the principle entrenched in a number of jurisdictions is that the accused's identity as the thief of all items of property recently taken upon a single occasion may be inferred from his unexplained or unsatisfactorily explained possession of but some of those items,[26] and that appears to be the settled rule.[27] Of equal importance to this litigation is the fact that this rule has been applied where, as here, the value of the possessed items was below the line dividing grand and petit larceny, but the value of the lot stolen was above it.[28] In each case, the determinant was a showing, by proof independent of the inference, that all of the items were taken at the same time.[29] Such a showing, we think, vitalizes the rule, and we conclude similarly that, under the circumstances here, the jury could legitimately employ the inference to convict appellant of grand larceny.[30]

## II

For the jurors' guidance in dealing with this vital circumstantial aspect of the evidence, the trial judge instructed [31] that if they found "beyond a rea-

---

26. Dickey v. State, 32 Ala.App. 413, 26 So.2d 532, 534 (1946); Jacobs v. Commonwealth, 260 Ky. 142, 84 S.W.2d 1, 2 (1935); People v. Roman, 12 N.Y.2d 220, 188 N.E.2d 904, 905 (1963); Moore v. State, 140 Tex.Cr.R. 653, 146 S.W.2d 762, rehearing denied, 146 S.W.2d 764 (1941); Williams v. Commonwealth, 188 Va. 583, 50 S.E.2d 407, 414 (1948). See also State v. Dancyger, 29 N.J. 76, 148 A.2d 155, 160, cert. denied, 360 U.S. 903, 79 S.Ct. 1286, 3 L.Ed.2d 1255 (1959).

27. No authority to the contrary has been found.

28. See People v. Gibson, 16 Cal.App. 347, 116 P. 987, 988 (1911); Jacobs v. Commonwealth, *supra* note 26, 84 S.W.2d at 2; State v. Weaver, 56 S.W.2d 25, 26 (Mo.1932).

29. *See* Jacobs v. Commonwealth, *supra* note 26, 84 S.W.2d at 2; State v. Weaver, *supra* note 28, 56 S.W.2d at 26; People v. Gibson, *supra* note 28, 116 P. at 988. See also Clark v. State, 152 Tex.Cr.R. 446, 215 S.W.2d 184, 186–187 (1948), where on rehearing, after restating the rule—that the use of the inference of theft of the whole of stolen goods from the possession of but a portion is allowable only where there is the showing that the goods were carried away in a single larcenous act—the court noted that the record indicated that there were multiple acts of taking. Accordingly, the operation of the inference was limited to those goods found in the accused's actual possession.

30. This conclusion also serves well in answer to appellant's several assertions of error premised upon an assumed legal insufficiency of the evidence to support his conviction. And our decision of today in United States v. Johnson, *supra* note 9, at 1167–1169 of 433 F.2d, responds sufficiently to appellant's suggestion that use of the inference to secure his conviction impinged on due process.

Two remaining arguments advanced by appellant require but brief discussion. The indictment against appellant itself established the existence of probable cause for purposes of subjecting the accusation to trial and, when returned, it rectified any supposed deficiency in the evidence adduced at preliminary hearing. Crump v. Anderson, 122 U.S.App.D.C. 173, 175–177, 352 F.2d 649, 651–653 (1965); DiCesare v. Chernenko, 303 F.2d 423, 424 (4th Cir. 1962). We have carefully examined appellant's claim of ineffective assistance of trial counsel (who is not his counsel on appeal), and find the contention unsustained by the record. See Harried v. United States, 128 U.S.App.D.C. 330, 333–336, 389 F.2d 281, 284–287 (1967); Bruce v. United States, 126 U.S.App.D.C. 336, 379 F.2d 113 (1967). *Cf.* United States v. Hammonds, 138 U.S.App.D.C. 166, 425 F.2d 597 (March 30, 1970).

31. The judge's full instruction on that subject was:
   * * * if you find beyond a reasonable doubt that the defendant was in exclusive possession of property of the complainant, and that this property had been recently stolen, and the defendant's possession of the property on the date in question and under the circumstances in question has not been satisfactorily explained, then you may, if you see fit to do so, infer therefrom that the defendant is guilty of larceny. You

sonable doubt" [32] that (a) appellant "was in exclusive possession of property of the" victim [33] (b) which "had been recently stolen," [34] and that (c) that possession, on the date and under the circumstances, "has not been satisfactorily explained," [35] then they were at liberty to "infer therefrom that" appellant "is guilty of larceny." [36] The judge, very properly, made it clear that the jurors were not required to so infer, but might do so if, but only if, they felt it appropriate.[37] With equal propriety, the judge added that the term "recently stolen" did not connote any specific period of time, but that the inference weakened as the period after the theft lengthened, and that it was for the jury "to determine on the basis of all the facts and circumstances whether the property was recently stolen." [38]

This case was tried before rendition of our opinion in Pendergrast v. United States,[39] and for that reason the instruction did not contain all of the refinements we there suggested,[40] but certainly this cannot be just cause for complaint. The question, rather, is whether in situations of the type emerging here, as distinguished from single-item thefts, the court's instructions should also tell the jury that its consideration of unpossessed articles necessitates proof beyond a reasonable doubt that they were stolen along with the possessed articles. This

is a matter of concern since, as it should be noted, the instructions in this case did not do so.

█ We think it evident that such an admonition is indispensibly necessary in all instances where it is not absolutely clear that all of the items were purloined by a single act. The unexplained or unsatisfactorily explained possession of a part of property recently stolen gives rise to an inference—that the possessor was the person who stole the whole—only in the event that all of the items, possessed and unpossessed, were stolen at one and the same time.[41] The evidence must justify a finding beyond a reasonable doubt that there was but a single act of taking before the inference becomes judicially tolerable and, by the same token, the jurors must be similarly informed lest they risk attribution to the accused of a taking of all when he might well have taken only some.

█ The case before us is quite different, however, for here the circumstances of the taking were never in doubt. With Miss Schleier's uncontradicted testimony that her travel bag, with all its contents, was taken during a momentary diversion of her attention, the jury, if it found a taking at all—and here it did—could not responsibly have found that it embraced only the three items later discovered in appel-

---

are not required so to infer, but you may do so if you deem it appropriate.

The term "recently stolen" does not refer to any specific period of time. It is for you to determine on the basis of all the facts and circumstances whether the property was recently stolen. The longer the period of time since the property was stolen, the weaker is the inference which may be drawn from the possession of the property.

32. See note 31, *supra.*

33. See note 31, *supra.*

34. See note 31, *supra.*

35. See note 31, *supra.*

36. See note 31, *supra.* Compare Pendergrast v. United States, *supra* note 9, 135

U.S.App.D.C. at 34–35, 416 F.2d at 790–791.

37. See note 31, *supra.* Compare Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 34–35, 416 F.2d at 790–791.

38. See note 31, *supra.* Compare Pendergrast v. v. United States, *supra* note 9, 135 U.S.App.D.C. at 34–35, 416 F. 2d at 790–791; United States v. Johnson, *supra* note 9, n. 40, at 1166 of 433 F.2d.

39. *Supra* note 9.

40. See Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 34–35, 416 F.2d at 790–791.

41. See text *supra* at note 29.

lant's possession.[42] While perhaps it is the better part of wisdom to give the admonition even in cases like this, we are satisfied that, in the context of the evidence and the trial judge's full charge, its omission here could not have misled the jury.

The judge carefully and accurately instructed the jury on the presumption of the accused's innocence and the Government's burden of proof of the case against the accused in its entirety. The instructions made it plain that, before appellant could be convicted, the evidence must establish beyond a reasonable doubt every essential element of the offense of grand larceny and, in addition to the *corpus delicti*, appellant's identity as the person who committed the crime. The judge delineated each of those elements, pointing out specifically that the proof must establish, *inter alia*, that the value of the stolen property was $100 or more. He cautioned that the jury's verdict had to rest upon the evidence adduced at trial and the inferences reasonably de-

ducible therefrom, and that the standard for conviction was proof beyond a reasonable doubt, whether the evidence accepted by the jury was direct or circumstantial in character.

These instructions, in terms of their sufficiency to advise the jury competently, must be viewed against the backdrop of the evidence. Here, we reiterate, the proof gave the jury the alternative of finding a larceny of all or none of the articles in the victim's travel bag, but left no room for a plausible finding of a larceny of but some.[43] We hold that the judge's instructions furnished enough guidance to enable the jury to intelligently determine whether an inference of the thief's identity should be drawn from appellant's possession of three of the stolen items, and whether it was reliable enough to warrant his conviction of grand larceny.[44]

The judgment appealed from is accordingly

Affirmed.

42. See text *supra* following note 24.

43. See text *supra* following note 24.

44. Compare Pendergrast v. United States, *supra* note 9, 135 U.S.App.D.C. at 32–33, 416 F.2d at 788–789. In that decision, we also pointed out that upon proof of the conditions giving rise to it, "[t]he inference is then permitted because its factual prerequisites, if competently established, support a logical deduction that the possession of the stolen property could have been acquired only by the possessor's theft of that property." 135 U.S.App. D.C. at 31, 416 F.2d at 787 (footnote omitted). We added that "[t]o so infer 'is but to accord to the evidence, if unexplained, its natural probative force,'" *Id.* at 31–32, 416 F.2d at 787–788 (footnote omitted), quoting McNamara v. Henkel, 226 U.S. 520, 525, 33 S.Ct. 146, 57 L.Ed. 330 (1913); and that "upon analysis, this inference appears simply as a result which the jury is free to reach on the basis of the circumstantial evidence which authorizes the inference." *Id.* at 32, 416 F.2d at 788 (footnote omitted.) See also United States v. Johnson, *supra* note 9, at 1164, 1168–1169 of 433 F.2d.