Clarence WILLIAMS, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 5755.

District of Columbia Court of Appeals.

Argued July 12, 1971.

Decided Sept. 22, 1971.

Robert F. Steeves, Washington, D. C., appointed by this court, for appellant.

Raymond Banoun, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge:

Appellant was convicted of receiving stolen property in violation of D.C.Code 1967, § 22–2205. On appeal, he contends the Government failed to establish the essential elements of· knowledge of the property's stolen nature and a fraudulent intention to deprive the true owner of possession. He argues, principally, that his motion for judgment of acquittal should have been granted at the close of the Government's case. We disagree.

The Government presented three witnesses in this nonjury trial. Mrs. Loraine Banks testified that she left her apartment at approximately 10:30 a. m. on the morning of January 28, 1971, and returned at 3:30 p. m. During this interval her apartment was entered without permission and several of her possessions were taken, including a television, radio, record player and a child's piggy bank.

The second Government witness, Mr. Leroy Horton, stated that he knocked on the door to Mrs. Banks' apartment at approximately 12 noon and received no response. Believing a neighbor might have a key to her apartment, Horton inquired across the hall at the apartment where appellant was residing with his mother. The appellant's mother did not have a key to Mrs. Banks' apartment but directed Horton to an upstairs apartment whose tenant she thought would have a key. After ascending the stairway to the second floor, he observed appellant standing at the foot of the steps to the roof (fire escape) holding a small radio and portable record player, both of which Horton recognized as belonging to Mrs. Banks. He also noticed another person near the top of these steps but was unable to identify that individual.

Horton immediately descended the stairs and returned to Mrs. Banks' apartment where he noted that the door showed signs of tampering. He then knocked at appellant's apartment in order to telephone the police. While Horton was talking to appellant's mother, appellant came down the

stairs and apparently was leaving the building when he was stopped by his mother's call. Appellant did not at that time have possession of the property. Horton told him if the property was not returned he would call the police. Appellant said he knew one of the fellows and ran up the street. The final Government witness was Metropolitan Police Officer Bernard Price who merely testified concerning the subsequent arrest of appellant.

At the close of the Government's case, the defense moved for a judgment of acquittal contending the Government had not introduced evidence of each element of the offense. This motion was denied and appellant then appeared as the sole defense witness. He testified that an acquaintance knocked at his door that morning and asked him to participate in a burglary. He stated that he refused this request but later, as he was leaving his apartment, the same person called him upstairs and then asked him to hold the radio and record player. He claimed that he was holding the stolen items as a favor for this acquaintance when Horton observed him. He further testified that he did not recognize that the radio and record player belonged to Mrs. Banks and did not know that they had been stolen. After appellant's testimony the defense renewed the motion for judgment of acquittal which once again was denied.

Although conceding that he was seen holding recently stolen property, appellant contends that mere possession of the property does not constitute a sufficient basis for the inference of guilty knowledge or intent to deprive the true owner of possession, both being necessary statutory elements of the offense charged.

But in Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964), the Court quoted with approval its prior decision in Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090 (1896), where it was there stated that "[p]ossession of the fruits of crime, recently after its commission, justifies the inference that the possession is guilty possession, and, though only *prima facie* evidence of guilt, may be of controlling weight, unless explained by the circumstances or accounted for in some way consistent with innocence. 162 U.S. at 619, 16 S.Ct. at 898, 40 L.Ed. 1090." (376 U.S. at 536–537, 84 S.Ct. at 830). Here, appellant was in possession without authority of stolen property very soon after, and in the immediate vicinity of, the theft. It is apparent that a fraudulent intention to deprive an owner of possession is closely related to the knowing possession of stolen goods.

Under the circumstances of this case, we conclude that once the Government established the possession it was permissible for the trier of the facts to infer the additional elements of the offense. A prima facie case having been established at the conclusion of the Government's evidence, it was not error to deny the motion for judgment of acquittal; nor was there error in denying the same motion at the conclusion of defendant's case.[1]

Affirmed.

---

1. There is likewise no merit in appellant's apparent contention that the evidence was not sufficient to support a finding of guilt beyond a reasonable doubt. As to the further contention that exclusive possession was not shown, suffice it to say appellant was seen to have the two stolen articles in his hands and under his control.