**Paul L. SIMON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 6301.

District of Columbia Court of Appeals.

Submitted June 20, 1972.

Decided July 26, 1972.

Philip Mackin Bailley, appointed by this court, for appellant.

Harold H. Tilus, Jr., U. S. Atty., John A. Terry, Richard S. Shine and Joseph E. di Genova, Asst. U. S. Attys., for appellee.

Before NEBEKER, PAIR and REILLY, Associate Judges.

PAIR, Associate Judge:

On December 2, 1971, appellant was found guilty, after trial by jury, of receiving stolen property,[1] a 1965 Cadillac automobile. At the trial there was testimony by the complaining witness that his 1965 Cadillac Sedan DeVille, serial No. "B5248061", had been stolen. A police officer testified that appellant was found in possession of a 1965 Cadillac Sedan DeVille, with serial No. "B52480061", and that he had no title to the automobile.

While there was this minor discrepancy in the testimony concerning the serial number of the automobile, appellant made no issue of it and the jury could have concluded, as it no doubt did, that the witness, in reciting the serial number, simply omitted one digit.

Appellant offered testimony explanatory of his possession of the automobile and the Government attempted to impeach him by proof of a prior conviction for petit larceny. However, it was then demonstrated that appellant had never been convicted of any such offense, whereupon the following transpired:

THE COURT: The record shows that that charge was nol-prossed.

MR. WHITLOCK [Defense Counsel]: Well, ·for the record, Your Honor, I would ask for a mistrial.

THE COURT: Do you really want a mistrial?

MR. WHITLOCK: I really don't, but I've got to consider myself.

THE COURT: Well, if you want it, I'll give it to you.

MR. WHITLOCK: No.

THE COURT: What?

MR. WHITLOCK: No.

THE COURT: You don't want it?

MR. WHITLOCK: No.

THE COURT: All right. I'll tell the jury.

MR. WHITLOCK: Would you do this, Judge? Would you explain to the jury why Mr. Shine asked the question? For what purpose the question would have been proffered had the answer held up, and then explain to them that a mistake was made? I guess that's really about it.

MR. SHINE [Assistant United States Attorney]: I have no objection.

■ Immediately following the above colloquy, the court gave to the jury curative instructions, to which no objection was interposed. We cannot say, therefore, that the trial court erred when it did not, of its own motion, declare a mistrial.

---

1. D.C.Code 1967, § 22-2205.

Appellant contends that there was insufficient evidence to show that he had intent to defraud or that he knew or had reason to believe that the property had been stolen. But possession of recently stolen property, if not satisfactorily explained, permits an inference that the possessor has knowledge that it was stolen. Here, therefore, there was enough to take the case to the jury on the issues of appellant's intent to defraud and knowledge that the automobile had been stolen. Blue v. United States, D.C.App., 270 A.2d 508 (1970). *See also* United States v. Johnson, 140 U.S. App.D.C. 54, 433 F.2d 1160 (1970); United States v. Coggins, 140 U.S.App.D.C. 134, 433 F.2d 1357 (1970); Pendergrast v. United States, 135 U.S.App.D.C. 20, 416 F.2d 776, cert. denied, 395 U.S. 926, 89 S.Ct. 1782, 23 L.Ed.2d 243 (1969); United States v. Prujansky, 415 F.2d 1045 (6th Cir. 1969).

After review of the record and briefs and finding no plain error, it is our opinion that the judgment of conviction must be

Affirmed.