In the Matter of V. L. M., Appellant.

No. 7837.

District of Columbia Court of Appeals.

Argued Sept. 24, 1974.

Decided June 23, 1975.

Beverly G. Stone, Washington, D. C., appointed by the court, for appellant.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before KELLY, FICKLING and NE-BEKER, Associate Judges.

KELLY, *Associate Judge:*

Appellant is a juvenile who was adjudged a delinquent on a finding by the trial court that he was "guilty of receiving stolen property, a misdemeanor".[1] One contention on appeal is that the court erred in denying appellant's motion for judgment of acquittal based upon the government's failure to prove the felonious possession of stolen goods with the specific intent to defraud. Others are that there was inadequate proof of value; that counsel's oral request for the transcript of a pretrial suppression hearing for use at trial for impeachment purposes was erroneously denied; that the trial should have been continued when appellant's mother became ill, and that the trial judge should have recused himself since he had also presided at appellant's pretrial detention hearing.[2]

Because of events which occurred on July 12, 1973, at First and Atlantic Streets, S.E., appellant was petitioned on the charge of receiving stolen property—an Exxon credit card. On that date appellant was a passenger in an automobile which was stopped by a police officer as it pulled into a gas station after the officer noticed that the front tag was improperly displayed by being placed inside the windshield of the vehicle. As the driver of the car was giving the officer his operator's license, he surreptitiously passed appellant a credit card which appellant attempted to conceal

---

1. D.C.Code 1973, § 22-2205. Receiving stolen goods.

Any person who shall, with intent to defraud, receive or buy anything of value which shall have been stolen or obtained by robbery, knowing or having cause to believe the same to be so stolen or so obtained by robbery, if the thing or things received or bought shall be of the value of $100 or upward, shall be imprisoned for not less than one year nor more than ten years; or if the value of the thing or things so received or bought be less than $100, shall be fined not more than $500 or imprisoned not more than one year, or both.

2. D.C.Code 1973, § 16-2312(j):

Upon objection of the child or his parent, guardian or custodian, a judge who conducted a detention or shelter care hearing shall not conduct a factfinding hearing on the petition.

by covering it with the palm of his hand and sliding it under the armrest at his side. The officer observed these motions, recognized the object as an Exxon credit card, and asked whose card it was. Appellant's answer was: "What credit card? I don't have a credit card." After the card was recovered, appellant told the officer that it was not his credit card and that he did not know to whom it belonged. It later developed that the card had been stolen from an unoccupied automobile several months before.

Appellant's pretrial motion to suppress the credit card as a product of an illegal search and seizure was heard and denied on August 16, 1973.[3] Counsel thereafter requested a transcript of this hearing by "leaving a C.J.A. form with the Secretary in [the judge's] chambers." Counsel's request was denied by written order for the reason that no justification for the request had been provided. The request for transcript (and an interim continuance) was twice renewed prior to trial, once before the calendar control judge and once before the trial judge. On each occasion the request was denied.

At trial, at the close of the government's case, appellant moved for a judgment of acquittal on the ground that the government had not established that he feloniously possessed stolen goods with specific intent to defraud. The motion was denied and appellant rested his case without presenting any witnesses.

■ As to the denial of appellant's motion for judgment of acquittal, permissible findings from the undisputed evidence are that the credit card was recently stolen;[4]

that appellant took possession of the card, albeit briefly, when the automobile in which he was riding was stopped by the police, and that he furtively attempted to conceal it under the armrest of the car. Thus, appellant had both actual and constructive possession[5] of the credit card during the interval between the driver's passing it to him and the officer's seizing it from its place of attempted concealment. Moreover, when asked, appellant first denied having a credit card in his possession and then, after it was seized by the officer, disclaimed knowledge of who owned it. Under these circumstances the traditional inference of guilty knowledge to be drawn from the unexplained possession of recently stolen property was available to the trial judge, and clearly no explanation consistent with innocent possession was offered by appellant.[6] Consequently the trial court did not err in denying the motion for judgment of acquittal.

■ Although the point was not raised at trial nor in the pretrial motion for a new factfinding hearing, appellant now claims that the government failed to show the value of the stolen credit card. In adjudging appellant a delinquent on a misdemeanor charge of receiving stolen property, the trial judge found that the card had "no value in excess of $100". Thus, while there was no finding of precise monetary value, the court clearly recognized that the stolen property, a currently usable credit card, was of obvious monetary value to its owner and, indeed, to anyone else who might attempt to use it to obtain gasoline on credit. And since appellant was only found to have committed a misdemeanor, the cases on proof of value essential to

---

3. Appellant was not present at the hearing on this motion. *See Poteat v. United States,* D.C.App., 330 A.2d 229 (1974); Super.Ct. Juv.R. 43.

4. The owner of the credit card testified to its theft.

5. When under the armrest, the credit card was in a place where appellant could exercise dominion and control over it.

6. *Fleming v. United States,* D.C.App., 310 A. 2d 214 (1973); *Simon v. United States,* D.C.App., 293 A.2d 859 (1972); *Williams v. United States,* D.C.App., 281 A.2d 293 (1971); *Blue v. United States,* D.C.App., 270 A.2d 508 (1970). *Cf. Humphrey v. State,* Okl.Cr., 452 P.2d 590 (1969).

sustain a felony conviction of receiving stolen property are inapposite.[7]

■ The remaining claims of error are either without merit or are not properly before us.[8] Accordingly, the judgment on appeal is

*Affirmed.*

---

7. *E. g., McQuaid v. United States*, 90 U.S. App.D.C. 59, 193 F.2d 696 (1951).

8. The denial of appellant's motion for continuance when his mother became ill was within the discretion of the trial court and no abuse in the exercise of that discretion has been shown.

Neither counsel nor appellant, both of whom had been present at the pretrial detention hearing, requested the trial judge to recuse himself. Consequently this claim of error is frivolous.

Counsel's argument that she was erroneously denied transcript of the hearing on the motion to suppress appears to be without merit. *See Nickens v. United States*, 116 U.S.App. D.C. 338, 341, 323 F.2d 808, 811 (1963), *cert. denied*, 379 U.S. 905, 85 S.Ct. 198, 13 L.Ed.2d 178 (1964). In any event, from whatever source, the transcript of the suppression hearing is part of the record on appeal and reveals that the testimony of the arresting officer on the motion and at trial is virtually identical. Consequently, no prejudice attended the denial of transcript and no reversible error exists.